**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000423
30-JUN-2017
08:16 AM**

NO. CAAP-15-0000423

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GREEN TREE SERVICING LLC, Plaintiff-Appellee, v.
TIASAMO MALUELUE TUIONUU; TOEFOI FUIMAONO TUIONUU, Defendants-
Appellants, and JOHN DOES, 1-50; JANE DOES 1-50; DOE PARTNERSHIPS
1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE
GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-2489)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendants-Appellants Tiasamo Maluelue Tuionuu and
Toefoi Fuimaono Tuionuu (collectively, Tuionuus) appeal from the
"Order Denying Defendants [Tuionuus'] Motion (1) to Set Aside
Default and (2) for Relief from the Court's April 5, 2013 Decree
of Foreclosure and Judgment Thereon, and the Court's July 7, 2014
Order Confirming Foreclosure Sale and Judgment Thereon Filed
February 19, 2015," entered on April 22, 2015 in the Circuit
Court of the First Circuit[1] (Circuit Court).

On appeal, the Tuionuus contend that the Circuit Court
erred in denying the Tuionuus' motion requesting that the Circuit
Court set aside its decree of default and grant relief from its
decree of foreclosure order confirming the foreclosure sale and
judgment entered thereon because they were "victims of a mortgage
rescue scam."

After a careful review of the point raised and

---

[1]     The Honorable Bert I. Ayabe presided.

arguments made by the parties, the record, and the applicable authority, we resolve the Tuionuus' appeal as follows and affirm.

The Tuionuu's Motion to Set Aside was based on Hawai'i Rules of Civil Procedure (HRCP) Rule 55(c),[2] which in turn provides for relief under HRCP Rule 60(b).[3] We review decisions under HRCP Rules 55(c) or 60(b) for abuse of discretion. Cty. of Hawaii v. Ala Loop Homeowners, 123 Hawai'i 391, 404, 235 P.3d 1103, 1116 (2010); Beneficial Hawai'i, Inc. v. Casey, 98 Hawai'i 159, 164, 45 P.3d 359, 364 (2002). Furthermore, the Hawai'i Supreme Court has held that "[t]he burden is upon appellant in an appeal to show error by reference to matters in the record, and

---

[2]     **Rule 55. Default.**

. . . .

(c)  *Setting aside default.*  For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it side in accordance with Rule 60(b).

[3]     **Rule 60.     RELIEF FROM JUDGMENT OR ORDER.**

. . . .

**(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

(Emphasis added).

he or she has the responsibility of providing an adequate transcript." Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) (brackets omitted). In addition, "[t]he law is clear in this jurisdiction that the appellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error." Id. The Tuionuus have provided no transcripts of the proceedings below and we therefore do not have an adequate record upon which to review their claimed error.

Furthermore, taking their claim of error on its face, that the judgments of foreclosure and confirmation of sale should be set aside because they relied on a third party's advice, is without merit. The Tuionuus do not dispute that, at a minimum, they were served with the complaint in this foreclosure proceeding. The Tuionuus provide no authority for the proposition that reliance on a "Homeowner Advocate" is a basis for a claim of "mistake, inadvertence, surprise, or excusable neglect." Moreover, the authority they rely upon, United States Bank Nat'l Ass'n. v. Salvacion, 125 Hawai'i 242, 257 P.3d 1219, No. 30594, 2011 WL 1574585 (App. Apr. 26, 2011) (mem.) is unavailing. There, this court rejected Salvacion's timely assertion that the gross negligence of her counsel constituted "excusable neglect" under HRCP Rule 60(b)(1). Id. at 6. Here, the Tuionuu's motion was filed after the one-year time limit for motions under HRCP Rule 60(b)(1).

The Tuionuus' reliance on Salvacion, for their claim under HRCP Rule 60(b)(6) is also misplaced. Salvacion involved Salvacion's reliance on her counsel's "gross negligence" in his representation to show the "exceptional circumstances" necessary for relief under the rule. This court concluded that, while Salvacion's claim was properly brought under HRCP Rule 60(b)(6), the trial court failed to apply the proper legal standard in rejecting the claim and remanded for application for the proper standard. Here, the Tuionuus do not rely on the malfeasance or nonfeasance of counsel, but rather upon the actions and inactions of an alleged "Homeowner Advocate" who did not represent herself to be an attorney. Based on the limited record before us we

3

cannot conclude the Tuionuus have shown the Circuit Court abused its discretion in denying their Motion to Set Aside.

For the foregoing reasons, the Order Denying Defendants Tiasamo Maluelue Tuionuu and Toefoi Tuimaono Tuionuu's Motion (1) to Set Aside Default and (2) for Relief from the Court's April 5, 2013 Decree of Foreclosure and Judgment Thereon, and the Court's July 7, 2014 Order Confirming Foreclosure Sale and Judgment Thereon Filed February 19, 2015," entered on April 22, 2015 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 30, 2017.

On the briefs:

Gary Victor Dubin
Frank J. Arensmeyer,
for Defendants-Appellants.

Charles R. Prather,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge